[Cite as *Haney v. Cleveland*, 2018-Ohio-3648.]

| | |
|---|---|
| PATRICK C. HANEY | Case No. 2017-00720PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| CITY OF CLEVELAND, DEPARTMENT OF LAW | |
| Respondent | |

{¶1} On July 21, 2017, requester Patrick Haney sent a letter to respondent City of Cleveland, Department of Law (City) making eight requests to inspect records. (Complaint, Exhibit 1.) On August 4, 2017, Haney sent a request for an update, and on August 7, 2017, the PRA advised that it was in the process of gathering responsive records and would contact Haney. (Complaint, Exhibit 2.) Haney followed up again on August 14, 2017, and the PRA responded that "additional time is needed to complete your records request." (*Id.*) Haney sent a second email on August 14, 2017, and another on August 17, 2017, to which the PRA did not respond. (*Id.*)

{¶2} On August 25, 2017, Haney filed a complaint under R.C. 2743.75 alleging denial of timely access to public records by the City in violation of R.C. 149.43(B). The parties engaged in seven court mediation sessions. On September 25, 2017, and May 11, 2018, the City provided Haney with records responsive to requests Nos. 1-6. (Reply at 2.) On June 8, 2018, the court was notified that the case had not been fully resolved in mediation. On June 21, 2018, the City filed an answer (Response) stating that requests Nos. 1-6 had been rendered moot, and denying requests Nos. 7 and 8 as overly broad. On July 30, 2018, Haney filed a reply accepting receipt of the City records responsive to requests Nos. 1-6, and voluntarily dismissing the complaint with respect to requests Nos. 7 and 8. (Reply at 1.) In his sole remaining claim, Haney alleged that the City did not produce records promptly as required by R.C. 149.43(B)(1).

{¶3} On August 2, 2018, Special Master Jeffery Clark issued a report finding that all of Haney's public records requests had been rendered moot or were voluntarily dismissed. The special master recommended the court deny Haney's claim for production of records. The special master further found that the City had failed to promptly provide records in response to request No. 1, and failed to timely provide the opportunity and information statutorily required in response to allegedly ambiguous and overly broad requests Nos. 7 and 8.

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * *." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶5} Court costs are assessed equally against the parties. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed August 21, 2018**
**Sent to S.C. Reporter 9/10/18**